UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES F. LONGNECKER, II,

                     Plaintiff,             Civil Action No. 15-11705
                                             Honorable John Corbett O'Meara
        v.                              Magistrate Judge David R. Grand

COMMISSIONER OF
SOCIAL SECURITY,

                     Defendant.
_____/

**REPORT AND RECOMMENDATION TO DENY**
**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [10]**

**Background**

      In this action, Plaintiff Charles F. Longnecker, II, seeks judicial review of the Commissioner's final decision that he was not disabled and was therefore not entitled to disability insurance benefits under the Social Security Act. Longnecker filed his *pro se* complaint [1] on May 12, 2015, and on May 21, 2015, he was granted permission to proceed *in forma pauperis.* [5]. Also on May 21, 2015, the Court ordered the Marshals Office to serve a summons and complaint on the Commissioner. [*Id.*]. On May 27, 2015, the Clerk's Office issued a summons, and the Marshals Office acknowledged its receipt of the service of process documents. [6, 7]. However, no proof of service has been filed, so it is unclear when service was actually accomplished on the Commissioner. Indeed, the very next entry on the docket, on August 3, 2015, is a motion to dismiss filed by the Commissioner. [8].

      Although Longnecker has filed a response to the Commissioner's motion [12], on August 21, 2015, he filed the instant motion for default judgment, arguing that, "[o]n May 21, 2015 a summons was issued with complaint on [the Commissioner] and a certificate of service was

served on all parties of interest.   [The Commissioner] failed to serve Plaintiff an answer in a timely manner as prescribed by Fed. R. Civ. P. 12(2)."   [10 at 3].   After reviewing Longnecker's motion and the docket, the Court concludes that it does not require additional briefing to make a recommendation on Longnecker's motion.

**<u>Analysis</u>**

Longnecker's motion for default judgment is procedurally and substantively improper. First, the law is clear that the entry of a default under Fed. R. Civ. P. 55(a) is a prerequisite to entry of a default judgment under Fed. R. Civ. P. 55(b). *See Lewis v. Detroit Pub. Sch.*, 2013 WL 5785777, at *2 (E.D. Mich. May 6, 2013); *Colston v. Cramer*, 2008 WL 559579, at *2 (E.D. Mich. Feb. 26, 2008) (noting that the court follows "the majority of courts" holding that Rule 55 "requires a clerk's entry of default before a court can enter a default judgment.").   Here, no entry of default has been made against the Commissioner, and thus it would be inappropriate to grant his motion for default judgment.

Second, Longnecker has not shown that the entry of a default, let alone a default judgment, would be proper in this case.   Pursuant to Rule 55(a), the clerk may enter a party's default only "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise …."   Here, Longnecker is mistaken as to the significance of the various docket entries discussed above.

As of May 21, 2015, the Commissioner had not appeared in the action, and thus nothing was served upon the Commissioner at that time.   Rather, the May 21, 2015 docket entry is this Court's Order directing "that summonses be issued [by the Clerk's Office] and the complaint and summons be served on [the Commissioner]" by the Marshal's Office, not that such service actually occurred on that date.   [5 at 2].   In fact, the summons was not actually issued until May

27, 2015. [7]. And, as noted above, while the Marshal's Office acknowledged *receipt* of the service documents that same day [6], the docket does not reflect the date upon which the documents were *actually served* on the Commissioner.

Pursuant to Fed. R. Civ. P. 12(a)(2), the Commissioner had 60 days from the service date to answer or otherwise respond to Longnecker's motion. Because Longnecker has not shown that the Commissioner's August 3, 2015 motion to dismiss [8] was filed more than 60 days after it was actually served with the summons and complaint, Longnecker has not shown entitlement to a default, let alone a default judgment.

<u>Conclusion</u>

For the foregoing reasons, the Court **RECOMMENDS** that Longnecker's motion for default judgment **[10]** be **DENIED**.


Dated: August 28, 2015                          s/David R. Grand
Ann Arbor, Michigan                             DAVID R. GRAND
                                                United States Magistrate Judge


<u>**NOTICE TO THE PARTIES REGARDING OBJECTIONS**</u>

Within 14 days after being served with a copy of this Report and Recommendation and Order, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829

3

F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).  Copies of any objections must be served upon the Magistrate Judge.  *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy.  *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1).  Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 28, 2015.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager