UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES F. LONGNECKER, II,

                Plaintiff,                Civil Action No. 15-11705
                                                    Honorable John Corbett O'Meara
       v.                                         Magistrate Judge David R. Grand

COMMISSIONER OF
SOCIAL SECURITY,

                Defendant.
_____/

**REPORT AND RECOMMENDATION TO DENY DEFENDANT'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT [8] AND TO
DENY PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS [12]**

**I.    REPORT**

    **A.    Background**

Plaintiff Charles Longnecker, II ("Longnecker") brings this action pursuant to 42 U.S.C. §405(g), challenging the final decision of Defendant Commissioner of Social Security ("Commissioner") denying his application for Disability Insurance Benefits ("DIB") under the Social Security Act (the "Act"). On May 13, 2015, this case was referred to the undersigned for all pretrial matters pursuant to 28 U.S.C. §636. (Doc. #3).

    **B.    Longnecker's Complaint**

Longnecker's application for DIB was denied initially, and again after a hearing before an Administrative Law Judge ("ALJ") in a November 15, 2013 written decision. (Doc. #8 at Ex. 1). Longnecker filed a request with the Appeals Council, asking it to review the ALJ's decision. By letter dated February 27, 2015 (the "Notice"), the Appeals Council denied Longnecker's request for review, explaining, "This means that the [ALJ's] decision is the final decision of the Commissioner of Social Security in your case." (Doc. #1 at 5-7). The Notice further explained:

- You have 60 days to file a civil action (ask for court review)

- The 60 days start the day after you receive this letter. **We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.**

(*Id.* at 6 (emphasis added)).

Thus, counting from the Notice's February 27, 2015 date, Longnecker was put on notice that, unless he showed otherwise, he had until Monday, May 4, 2015, to file his complaint (as the 65-day period expired on May 3, 2015, a Sunday). However, Longnecker did not file his complaint until Tuesday, May 12, 2015. (Doc. #1). Although §405(g) permits the Commissioner to extend the 60-day limitation period, there is no indication in the record that Longnecker sought such an extension.

On August 3, 2015, the Commissioner filed a motion to dismiss Longnecker's complaint, arguing that it was untimely filed. (Doc. #8). In response,[1] Longnecker attached a copy of the Notice's envelope, which reveals that, despite the fact that the Notice was *dated* February 27, 2015, it was not *postmarked* until March 5, 2015. (Doc. #12 at 8). Thus, Longnecker asserts that he has provided evidence rebutting the presumption that he received the Notice on or before March 4, 2015 (five days after the date of the Notice), claiming that, in fact, he did not receive the Notice until March 12, 2015. As a result, Longnecker argues that his complaint was timely filed and the Commissioner's motion should be denied. In her reply, the Commissioner conceded that the Notice was not mailed until March 5, 2015. (Doc. #15 at 2). However, the Commissioner argues that even using that date as the starting point, Longnecker's complaint was due to be filed no later than Monday, May 11, 2015 (May 9, 2015, being a Saturday), making his

---

[1] Although Longnecker's response is captioned "Response to Defendant's Motion to Dismiss Motion for Judgment on the Pleadings" (Doc. #12), he does not actually articulate a basis for granting judgment in his favor. Thus, to the extent Longnecker seeks such relief, the Court RECOMMENDS that his "motion" be DENIED.

complaint, which was filed on May 12, 2015, one day late. (*Id.*). For the reasons discussed below, the Commissioner's argument lacks merit.

### C. Analysis

Section 405(g) of the Act provides that:

> Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision **by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.**

42 U.S.C. §405(g) (emphasis added). The term "mailing" in this statute has been interpreted by the Commissioner to mean the date an individual receives notice of the Appeals Council's decision (or in this case, denial of a request for review). *See* 20 C.F.R. §§404.981, 422.210(c). However, the regulations further provide:

> For purposes of this section, the date of receipt of notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary.

20 C.F.R. §422.210(c).

This resulting 65-day statute of limitations serves the dual purpose of eliminating stale claims and providing "a mechanism by which Congress [is] able to move cases to speedy resolution in a bureaucracy that processes millions of claims annually." *Bowen v. City of New York*, 476 U.S. 467, 481 (1986). Courts strictly construe the statute of limitations in Social Security appeals. "Even one day's delay in filing the action is fatal." *Wiss v. Weinberger*, 415 F. Supp. 293, 294 (E.D. Pa. 1976). *See also Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 437 (6th Cir. 2007) (affirming district court's dismissal of complaint filed one day late); *Zampella v. Barnhart*, 2004 WL 1529297, at *2 (D. Me. June 16, 2004) ("[w]hile this result might be

3

considered harsh, delays of a single day have been held to require dismissal").

As set forth above, then, the regulations provide that a civil action must be filed within 60 days of receipt of the Notice, with the date of receipt presumed to be five days after the date of the notice, absent a reasonable showing to the contrary. *See* 20 C.F.R. §422.210(c). In this case, it is undisputed that Longnecker filed his complaint after the expiration of the 60-day statute of limitations from the date of the actual Notice (February 27, 2015). To rebut the presumption of receipt, "a plaintiff must present some affirmative evidence indicating that actual receipt occurred more than five days after issuance." *Marte v. Apfel*, 1998 WL 292358, at *2 (S.D.N.Y. June 3, 1998). Here, Longnecker did exactly that; he submitted a copy of the Notice's postmarked envelope indicating that it was mailed to him on March 5, 2015. (Doc. #12 at 8). Because Longnecker could not have received the Notice by March 4 if it was not postmarked until March 5, Longnecker has clearly rebutted the presumption that he received the Notice within the presumptive five-day period from the Notice's issue date. The Commissioner concedes as much in her reply brief, but presents an alternative theory in support of her motion:

> In light of the evidence Plaintiff has produced, the Commissioner concedes that the Notice was not mailed until March 5, 2015. Plaintiff is presumed to have received it 5 days later, and then had 60 days to file his Complaint. Thus, his Complaint was due to be filed no later than Monday, May 11, 2015 (as May 9, 2015, was a Saturday). Plaintiff did not file his Complaint until May 12, 2015 [Doc. 1] – one day late. Therefore, dismissal is still required.

(Doc. #15 at 2 (internal citations and footnote omitted)).

The Commissioner's new argument is flawed in multiple respects. Where, as here, the claimant successfully rebuts the presumption that he received the notice within five days of its date, "the burden is then placed upon the [Commissioner] to establish that the [claimant] received actual notice." *McCall v. Bowen*, 832 F.2d 862, 864 (5th Cir. 1987) (citing *Matsibekker v. Heckler*, 738 F.2d 79, 81 (2d Cir. 1984)); *see also Harris-Holland v. Astrue*, 2010 WL

4

4646084, at *1 (D.S.C. Oct. 20, 2010). Here, the Commissioner has made no such showing – indeed, she has offered no evidence whatsoever – that Longnecker received actual notice more than 60 days prior to filing his complaint in this Court. Having failed to satisfy this burden, the Commissioner's motion should be denied.

Moreover, the Commissioner's new argument misapprehends the relevant regulation. 20 C.F.R. §422.210(c) provides that the limitations period begins running not from *mailing* of the notice (as the Commissioner's alternative argument presumes), but from a claimant's *receipt* of the notice. In *Matsibekker v. Heckler*, 738 F.2d 79, 81 (2d Cir. 1984), the court recognized this very distinction, noting that, "Rather than commencing on the date notice of decision is *mailed* to the claimant, the sixty day period starts from the time notice is *received* by the claimant.'" *Id.* (emphasis in original). Thus, the Commissioner's argument that the limitations period began to run five days after the Notice was *postmarked* is simply not grounded in law. *See, e.g., Bartolomie v. Heckler*, 597 F. Supp. 1113, 1115 (N.D.N.Y. 1984) (finding that the five-day presumption was rebutted where the evidence established that the notice was not mailed until seven days after its issuance, and specifically stating, "The Magistrate's report errs when it states that the complaint must be filed within 65 days of its mailing. It must be filed within 60 days of receipt.").

In sum, Longnecker has come forward with persuasive evidence rebutting the presumption that he received the Notice within five days of its date. In doing so, he shifted the burden to the Commissioner to establish that he in fact received the Notice more than 60 days before filing his complaint. Because the Commissioner has come forward with no evidence that this is the case, her motion to dismiss should be denied.

**II.     RECOMMENDATION**

For the reasons set forth above, the Court **RECOMMENDS** that the Commissioner's Motion to Dismiss **[8]** be **DENIED**. The Court also **RECOMMENDS** that Longnecker's Motion for Judgment on the Pleadings **[12]** be **DENIED**.

Dated: September 18, 2015                                    s/David R. Grand
Ann Arbor, Michigan                                          DAVID R. GRAND
                                                             United States Magistrate Judge

**NOTICE TO THE PARTIES REGARDING OBJECTIONS**

Within 14 days after being served with a copy of this Report and Recommendation and Order, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 18, 2015.

                                          s/Eddrey O. Butts
                                          EDDREY O. BUTTS
                                          Case Manager